UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| CRESCENT SILVER, LLC, a Delaware limited liability company,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>NEW JERSEY MINING COMPANY, an Idaho corporation,<br><br>　　　　Defendant, | Case No.: 2:15-cv-00097-REB<br><br>**MEMORANDUM DECISION AND ORDER RE: DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1)**<br><br>**(Docket No. 17)** |

Now pending before the Court is Defendant's Motion to Dismiss Pursuant to FRCP 12(b)(1) (Docket No. 17). Having carefully considered the record and otherwise being fully advised, the undersigned enters the following Memorandum Decision and Order:

## BACKGROUND

This is a contractual dispute in which Plaintiff Crescent Silver, LLC ("Crescent Silver") has sued New Jersey Mining Company ("NJMC") for claims arising out of a Mill Joint Venture Agreement between NJMC and Crescent Silver's predecessor, United Mine Services, Inc. Relevant here, Plaintiff alleges that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 – specifically, that (1) the amount in controversy, exclusive of interest and costs, exceeds $75,000; and (2) the action is between citizens of different states.

Through its Motion to Dismiss, NJMC questions whether, in fact, this action really is between citizens of different states. There is no dispute that NJMC is a corporation organized under the laws of the State of Idaho with a principal place of business in Shoshone County,

**MEMORANDUM DECISION AND ORDER - 1**

Idaho.  However, Crescent Silver is alleged to be a limited liability company organized under the laws of the State of Delaware, that its members, HUSC Sub, LLC and HUSC II, LLC are Delaware limited liability companies, and that "[n]one of the parent corporations and individuals that comprise the ownership of both HUSC Sub, LLC and HUSC II, LLC *reside* in the State of Idaho."  Compl., pp. 1-2 (Docket No. 1) (emphasis added).  According to NJMC, this is not enough to confer jurisdiction on this Court:  Crescent Silver "has not alleged the ***citizenship*** of the members of HUSC Sub, LLC and HUSC II, LLC, nor has it listed HUSC Sub, LLC's or HUSC II, LLC's members' members, nor the member's members' corresponding citizenships."  Mem. in Supp. of MTD, p. 4 (Docket No. 17, Att. 1) (emphasis in original); *see also id*. at p. 5 ("[Crescent Silver] did not adequately plead diversity of citizenship because it simply stated that none of the members of Crescent Silver, LLC reside in the State of Idaho.  Crescent's domicile must be determined at the time the Complaint was filed and it must allege the citizenship of all of its members in order to adequately determine the citizenship of Crescent.  Here, the Plaintiff's pleadings do not adequately allege the citizenship of Crescent.").[1]

Crescent Silver opposes NJMC's Motion to Dismiss, responding that neither of its two members – HUSC Sub, LLC and HUSC II, LLC – "ha[s] any members who are citizens of

---

[1] Separately, NJMC appears to have attempted to determine the citizenship of HUSC Sub LLC and HUSC II, LLC on its own, prior to filing the instant Motion to Dismiss.  Although it ultimately was unable to definitively confirm either's citizenship "because the Delaware Secretary of State will not divulge the identity of its LLC's members and does not maintain an up-to-date list of LLC members," NJMC notes that (1) "[t]he Idaho Secretary of State lists Hale Capital Partners, LP as a member of Crescent Silver, LLC on its *Application for Certificate of Authority for Foreign Limited Liability Company* filed with the state and publicly available"; and (2) Crescent Silver's "most recent Annual Report filed with the Idaho Secretary of State . . . lists Roger Gross as Manager located at 1220 Big Creek Rd., Kellogg, Idaho 83837."  Mem. in Supp. of MTD, p. 4 (Docket No. 17, Att. 1).  At the very least, NJMC presumably makes these arguments to inject some amount of ambiguity into Crescent Silver's citizenship for diversity jurisdiction purposes.

**MEMORANDUM DECISION AND ORDER - 2**

Idaho" and, thus, "as shown by these facts, complete diversity is present and jurisdiction is appropriate." Opp. to MTD, p. 2 (Docket No. 20). To this point, Crescent Silver goes on to argue that, by alleging in its Complaint that neither its members nor their members "reside" in Idaho, NJMC is on "fair notice" of the jurisdictional basis for its claims. *Id*. at pp. 2-3; *see also id*. at 3 ("Defendant cannot credibly claim to be unaware of the basis for Crescent's assertion of jurisdiction simply because the complaint says 'resides' rather than 'is a citizen of.'") And, indeed, to the extent Crescent's (perhaps imprecise) word choice is problematic, Crescent is more than willing to amend to substitute 'is a citizen of' for 'resides.'").

## DISCUSSION

It is undisputed that NJMC is a citizen of Idaho; therefore, for diversity jurisdiction to exist here, Crescent Silver must not also be a citizen of Idaho. *See* 28 U.S.C. § 1332(a)(1). As an LLC, Crescent Silver is considered to be "a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Crescent Silver's members, HUSC Sub, LLC and HUSC II, LLC, are LLCs as well – ergo, like Crescent Silver, HUSC Sub, LLC and HUSC II, LLC are similarly citizens "of every state of which its owners/members are citizens." *Id*. Except Crescent Silver neither alleges these LLCs' citizenships, nor these LLCs' members' citizenship; instead, it simply asserts that "[n]one of the parent corporations and individuals that comprise the ownership of both HUSC Sub, LLC and HUSC II, LLC, *reside* in the state of Idaho." Compl., pp. 1-2 (Docket No. 1) (emphasis added). Is this enough? More specifically, do references to where an LLC resides (or the LLC's members reside, and so on) amount to citizenship for the purposes of determining diversity jurisdiction? Crescent Silver says yes, NJMC says no.

**MEMORANDUM DECISION AND ORDER - 3**

This action's fact pattern resembles the one considered recently by a sister court in *Evans & Vertin, LLC v. Canyon Holdings, LLC*, 2011 WL 52421 (D. Mont. 2011). There, the defendant, Canyon Holdings, LLC ("Canyon") likewise filed a motion to dismiss for lack of subject matter jurisdiction, challenging the plaintiff, Evans & Vertin, LLC's ("E & V") allegations that the parties were from different states. *See id.* at *1. In relevant part, E & V's complaint alleged:

> Plaintiff E & V is a Montana Limited Liability Company with its principal place of business in Missoula, Montana. E & V's members are residents of Minnesota and Montana . . . . Defendant Canyon is a Delaware Limited Liability Company. Canyon has previously taken the position before this Court that its member is a resident of the State of Washington.

*Id*. Canyon faulted the complaint for not identifying the members of E & V and not providing the necessary facts to determine each member's citizenship. In response, E & V provided a declaration detailing the citizenship of the various entities, trusts, or individuals with ownership interest in E & V, also offering to file an amended complaint if necessary. *See id*. The district court found E & V's allegations to be inadequate, reasoning:

> *While the complaint alleges the members of the limited liability company as residents of Minnesota and Montana, that is not enough for the Court to determine each member's citizenship.* This infirmity is highlighted by E & V filing a declaration to address the deficiency. The motion to dismiss shall be granted, but it is not clear that this defect cannot be corrected. As such, the Court will grant E & V leave to amend the defective pleading.

*Id*. (emphasis added) (citing *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986) (noting residence is only a factor to consider when determining citizenship for diversity purposes)) (other internal citations omitted).

*Evans & Vertin's* reasoning is instructive and applies equally to this case. In particular, despite the allegation that neither Crescent Silver, HUSC Sub, LLC, HUSC II, LLC, nor the

**MEMORANDUM DECISION AND ORDER - 4**

individuals comprising the ownership/membership of the latter LLCs reside in Idaho, it is impossible to know whether complete diversity exists. Moreover, this information is no doubt available to Crescent Silver as the parent corporate entity – as further evidenced, by Crescent Silver having already "offered to provide precisely that information to counsel for Defendant in order to allay any of Defendant's concerns." Opp. to MTD, p. 2, n.1 (Docket No. 20).[2]

Accordingly, NJMC's Motion is granted. Because it is not clear that any amendment would be futile, Crescent Silver is also granted leave to amend its defective pleading to address the *citizenship* of all pertinent/involved entities. If Crescent Silver so files an amended complaint and, after reviewing it, NJMC finds grounds to mount another substantive subject matter jurisdiction challenge, NJMC may do so at that time.

///

///

///

///

///

///

---

[2] On this discrete point, *Evans and Vertin* provides an additional comment:

> Before responding [to Canyon's motion to dismiss], E & V contacted the other side. It requested Canyon withdraw the motion in light of the fact that E & V could file an amended complaint to address the raised issues. That would have been a wise move that reaches the same result – E & V filing an amended complaint – without wasting the parties' and the Court's time.

*Evans and Vertin*, 2011 WL 52421 at *1, n.1. The undersigned takes no position here on who (Crescent Silver or NJMC) was in the best position to resolve the underlying issue as efficiently as possible.

**MEMORANDUM DECISION AND ORDER - 5**

## **ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss Pursuant to FRCP 12(b)(1) (Docket No. 17) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff may file an amended complaint within 14 days of the date of this Memorandum Decision and Order.  Failure to do so will result in dismissal of the action.

DATED:  **November 10, 2015**

*/s/ Ronald E. Bush*

Honorable Ronald E. Bush
U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 6**